**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **Smith Kwame Oliver Vodi,** | * | |
| **Plaintiff,** | * | |
| **v.** | * | **Civil No. 8:24-02879-CDA** |
| **University of Maryland – Dept. of Transportation Services, *et al.*,** | * | |
| | * | |
| **Defendants.** | * | |
| | * | |

\*     \*     \*

**<u>MEMORANDUM OPINION</u>**

BEFORE THE COURT is a Motion to Dismiss filed by Defendants, University of Maryland—Department of Transportation Services, Brandon Christopher Harrison-Difranco, Jay Rossello, and Frank Richard Taitano, asserting both lack of jurisdiction and failure to state a claim.  ECF 27.  The Court has reviewed all papers, and no hearing is necessary.  *See* Loc. R. 105.6 (D. Md. 2025).  For the following reasons, Defendants' Motion to Dismiss is GRANTED in part and DENIED in part.

## I.     BACKGROUND[1]

Plaintiff Smith Kwame Oliver Vodi ("Plaintiff" or "Vodi") brought this suit against his former employer, University of Maryland Department of Transportation Services and several of its employees in their individual capacities (collectively "Defendants").  Complaint, ECF 1 ("Compl.").  Plaintiff alleges that he is a Christian Ghanian-American

---

[1] For the purpose of deciding a motion to dismiss, the Court accepts as true all well-pleaded facts in the complaint and construes such facts, as well as reasonable inferences drawn therefrom, in the light most favorable to the non-moving party.  *See, e.g.*, *Harvey v. Cable News Network, Inc.*, 48 F.4th 257, 268 (4th Cir. 2022).

who began working for the University of Maryland Department of Transportation Services as "Special Event Staff" on July 30, 2023.[2]  Compl., at 5; First Supplement to Complaint, ECF 4 ("EEOC Supp."), at 1.  He contends that during his employment, his supervisors, Brandon Harrison-DeFranco and Frank Taitano, "discriminated, harassed, retaliated, and defamed against [him.]"  Compl., at 7.  Plaintiff also claims that his supervisors overburdened him with work, refused to allow him overtime pay, were "[c]onfrontational and aggressive[,]" gave him "false evaluations[,]" and put him to work in "isolation [because of his] [r]eligion, [n]ational origin, etc."  *Id.*; EEOC Supp., at 1. Plaintiff further alleges that he was subjected to verbal abuse and "forced [] to perform tasks beyond the scope of [his] job description, such as cleaning the cage and picking up trash."  *Id.*, at 2.  When he attempted to address these issues with human resources personnel, his concerns were ignored and he was "unjustly suspended on April 30, 2024, May 22-24 without pay, and upon [his] return from a three-day suspension on May 28, 2024, [he] was [terminated]."  *Id.*  He was told the reason for his suspension was for "not following supervisors' directives" and his discharge was "for not adhering to suspension mandates."  *Id.*  He asserts that this reason is "nothing but hate" and that "the worst" started when he "reached out to HR that [he] graduated and [informed them that] they should update his employment record with [his] degree."  *Id.*

On October 3, 2024, acting *pro se*, Plaintiff filed this lawsuit, alleging violations of Title VII of the Civil Rights Act of 1964, the Age Discrimination in Employment Act of 1967 ("ADEA"), and the American with Disabilities Act of 1990 ("ADA").  Compl., at 4.

---

[2] Plaintiff notes in his first supplement to the complaint that his termination incorrectly classified him as "a Parking Enforcement Associate[,]" though he was hired as Special Events Staff.  ECF 4, at 1.  This appears to be the basis of his claim under the False Claims Act, discussed *infra*.

On October 4, 2025, Plaintiff filed his first "supplement" to the complaint, which appears to be his "Amended Charge of Discrimination" filed with the United States Equal Employment Opportunity Commission ("EEOC") and Prince George's County Office of Human Rights.  EEOC Supp., at 1.  This filing also includes Plaintiff's EEOC notice of his right to sue.  ECF 4-1, at 1.  On March 21, 2025, Plaintiff filed a second "supplement" to his complaint, which adds a new party and cause of action.  ECF 16 ("Amend. Compl.").[3] In this filing, Plaintiff added Jay Rosello, University of Maryland Vice President for Legal Affairs and General Counsel, as a defendant, and a claim under the False Claims Act ("FCA") for "discharging an employee from where he never worked."  Amend. Compl. at 5.

On June 13, 2025, Defendants filed the pending Motion to Dismiss for lack of jurisdiction and failure to state a claim.  ECF 27 ("MTD").  Plaintiff filed an opposition on July 30, 2025.  ECF 35 ("Pl.'s Opp'n").  Defendants replied on August 20, 2025.  ECF 39 ("MTD Reply").  Although not typically permitted by either the Federal Rules of Civil Procedure or the Local Rules, Plaintiff filed a second opposition to the Defendants' Motion on September 16, 2025.[4]  ECF 43 ("Pl.'s Surreply").

---

[3] Although filed as a "supplement," Defendants' Motion treats this filing as an amended complaint and does not contest its timeliness.  ECF 27, at 2.

[4] On September 2, 2025, the Court issued an order granting in part and denying in part, Plaintiff's motion for extension of time to respond to Defendant's reply to its Motion to Dismiss.  ECF 42; ECF 40.  The Court, "[a]ffording Plaintiff the liberal construction applied to *pro se* filings, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), [interpreted] this filing as a request to file a surreply brief[.]"  ECF 42, at 1.  Though surreplies are disfavored, the Court exercised it discretion and allowed Plaintiff to file a surreply to the Defendants' Motion to Dismiss.  *Id.*, at 2-3.

## II.    LEGAL STANDARD

### a.  Rule 12(b)(1) Dismissal for Lack of Subject Matter Jurisdiction

Federal Rule of Civil Procedure 12(b)(1) authorizes dismissal of claims or suits where the Court finds it lacks subject matter jurisdiction.  A motion to dismiss under this rule "challenges a court's authority to hear the matter brought by a complaint." *Medigrow, LLC v. Natalie M. LaPrade Med. Cannabis Comm'n*, 487 F. Supp. 3d 364, 370 (D. Md. 2020) (citation omitted).  Where a defendant has sovereign immunity, the court "must dismiss the action for lack of subject-matter jurisdiction."  *Cunningham v. Gen. Dynamics Info. Tech., Inc.*, 888 F.3d 640, 649 (4th Cir. 2018) (internal quotation marks and citation omitted); *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").  Where a defendant challenges subject matter jurisdiction on sovereign immunity grounds, the plaintiff must demonstrate "an unequivocal waiver of immunity."  *Davis v. Thompson*, 367 F. Supp. 2d 792, 799 (D. Md. 2005) (quoting *Williams v. United States*, 50 F.3d 299, 304 (4th Cir. 1995)).

### b.  Rule 12(b)(6) Dismissal for Failure to State a Claim

Under Federal Rule of Civil Procedure 12(b)(6), dismissal is appropriate where the complaint "fail[s] to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  When deciding a Rule 12(b)(6) motion to dismiss, courts "accept all factual allegations as true and draw all reasonable inferences in favor of the plaintiff." *Washington v. Hous. Auth. of the City of Columbia*, 58 F.4th 170, 177 (4th Cir. 2023) (citing *Singer v. Reali*, 883 F.3d 425, 437 (4th Cir. 2018)).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)

4

(quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also* Fed. R. Civ. P. 8(a)(2). "The complaint must offer 'more than labels and conclusions' or 'a formulaic recitation of the elements of a cause of action[.]'" *Swaso v. Onslow Cnty. Bd. of Educ.*, 698 F. App'x 745, 747 (4th Cir. 2017) (quoting *Twombly*, 550 U.S. at 555). At the same time, a "complaint will not be dismissed as long as [it] provides sufficient detail about [the plaintiff's] claim to show that [the plaintiff] has more-than-conceivable chance of success on the merits." *Owens v. Balt. City State's Att'ys Off.*, 767 F.3d 379, 396 (4th Cir. 2014).

When considering a motion to dismiss pursuant to Rule 12(b)(6), the court generally does not consider evidence outside the complaint. However, the court may consider "documents integral to and relied upon in the complaint . . . so long as the plaintiff does not question their authenticity." *Fairfax v. CBS Corp.*, 2 F.4th 286, 292 (4th Cir. 2021); *see also Wongus v. The Benedictine School for Exceptional Children, Inc.*, No. JRR-24-03635, 2026 WL 795597, at *3 (D. Md. Mar. 23, 2026). An integral document is one "that by its very existence, and not the mere information it contains, gives rise to the legal rights asserted." *Corrigan v. Baltimore Police Dep't*, No. ELH-24-03497, 2026 WL 73800, *9 (D. Md. Jan. 9, 2026) (quoting *Chesapeake Bay Found., Inc. v. Severstal Sparrows Point, LLC*, 794 F. Supp. 2d 602, 611 (D. Md. 2011)). "In employment discrimination cases, courts often take judicial notice of EEOC charges and EEOC decisions." *Id.* (citation omitted). "'[I]n the event of [a] conflict between the bare allegations of the complaint and any exhibit attached . . . the exhibit prevails.'" *Goines v. Valley Community Servs. Bd.*, 822 F.3d 159, 166 (4th Cir. 2016) (quoting *Fayetteville Inv'rs v. Commercial Builders, Inc.*, 936 F.2d 1462, 1465 (4th Cir. 1991)).

## III.   ANALYSIS

In their motion, Defendants assert that Vodi's complaint must be dismissed because (1) the FCA does not apply to state agencies or authorize claims by *pro se* litigants; (2) state sovereign immunity bars the ADEA and ADA discrimination claims; (3) Vodi failed to exhaust administrative remedies before pursuing the ADA claim; (4) Vodi fails to state retaliation and employment discrimination claims under Title VII; and (5) the claims against individual defendants are not permitted under Title VII, the ADEA, and the ADA, and, to the extent the individuals are named in their official capacities, are redundant of the claims against the University.  MTD, at 2.

Two preliminary matters guide the Court's analysis of these contentions and Vodi's opposition to the same.  First, the Court is mindful that *pro se* filings "must be construed . . . so as to do substantial justice" and are held to less stringent standards than filings drafted by trained lawyers.  *Elijah v. Dunbar*, 66 F.4th 454, 460 (4th Cir. 2023) (internal quotation omitted).  "In practice, this liberal construction allows courts to recognize claims despite various formal deficiencies, such as incorrect labels or lack of cited legal authority."  *Wall v. Rasnick*, 42 F.4th 214, 218 (4th Cir. 2022). "Such liberal construction, however, does not absolve Plaintiff from pleading a plausible claim, and this court 'may not act as an advocate for a self-represented litigant'" by 'conjur[ing] up" issues not presented."  *Williams v. EEOC Baltimore Field Office, et al.*, No. JRR-25-0205, 2026 WL 656938, *3 (D. Md. Mar. 9, 2026) (quoting *Desgraviers v. PF-Frederick, LLC*, 501 F. Supp. 3d 348, 351 (D. Md. 2020)) (alteration in original).

Second is the matter of what allegations or documents the Court considers to constitute the pleadings and proper allegations.  Courts generally do not consider evidence outside of the operative complaint, unless documents outside the complaint are

6

"integral and authentic," such as EEOC charges attached to employment discrimination lawsuits. *See Wongus*, 2026 WL 795597 at *3 (citing *Fairfax*, 2 F.4th at 292, and then citing *Chesapeake Bay Found.*, 794 F. Supp. at 611); *Corrigan*, 2026 WL 73800, at *10. Guided by these observations and the regular practice in this District, the Court will consider Plaintiff's EEOC Supplement filed at docket entry 4. The Court also construes the second supplement, ECF 16, as an amended complaint for the purposes of this Motion to Dismiss. The Court notes that Defendants treat the filing similarly, and such construction is appropriate considering that it does two things commonly accomplished by amended pleadings: adding a new party (in this instance, a new defendant) and a new cause of action. However, the Court does not consider the thirty-three exhibits attached to the Plaintiff's opposition to Defendant's Motion to Dismiss or any facts alleged for the first time in his opposition. *See S. Walk at Broadlands Homeowners Ass'n, Inc. v. OpenBand at Broadlands, LLC*, 713 F.3d 175, 184 (4th Cir. 2013) ("It is well-established that parties cannot amend their complaints through briefing or oral advocacy."); *Wongus*, 2026 WL 795597 at *3 (declining to consider "exhibits attached to Plaintiff's opposition" because they "are not integral to Plaintiff's Amended Complaint"); *Smith v. Mr. Cooper Grp. Mortg.*, No. PJM-23-3008, 2024 WL 1179075 at *3 (D. Md. Mar. 19, 2024) ("Deficiencies in a pleading cannot be cured by identifying new facts or making new allegations in an opposition to a motion to dismiss."). Any allegation that does not appear in the original or amended complaint or the EEOC Supplement does not factor in the Court's analysis in resolving Defendants' Motion to Dismiss.[5]

---

[5] Vodi's Opposition references Federal Rule of Civil Procedure 56 and suggests his attachment of exhibits relates to that standard. *See* MTD Opp'n at 8. Of course, that Rule governs summary judgment, which is not the current posture; Defendants' Motion invokes only Rule 12, not Rule 56.

### a. The False Claims Act cause of action is dismissed because Plaintiff, being self-represented, cannot bring this claim.

First, Defendants argue that Vodi's FCA claim must be dismissed because (1) the FCA does not apply to state agencies; (2) a *pro se* plaintiff cannot bring a claim under the Act; and (3) Vodi has otherwise failed to comply with the FCA. MTD, at 5. Vodi's response focuses on a *pro se* litigant's ability to pursue claims under Title VII before stating that he brings an FCA claim because "defendants' claim is false" and the University of Maryland is a government institution. Pl.'s Opp'n, at 9-11; Pl.'s Surreply, at 7. The Court agrees with Defendants and dismisses the claim under the False Claims Act because Vodi, as a *pro se* litigant, cannot bring an action under the statute and in his own name.

The False Claims Act "prohibits any person from making false or fraudulent claims for payment to the United States." 31 U.S.C. §3729(a). Under the FCA, "private individuals may bring *qui tam* actions in the Government's name for § 3729 violations." *Graham Cnty. Soil & Water Conservation Dist. v. U.S. ex rel. Wilson*, 545 US 409, 411 (2005); *see also* 31 U.S.C. § 3730(b)(1). The private individual, however, cannot be self-represented in a *qui tam* action under the FCA. *Wojcicki v. SCANA/SCE&G*, 947 F.3d 240, 244-45 (4th Cir. 2020); *Downey v. U.S.A.*, No. PX-19-1872, 2019 WL 2921788, *2 (D. Md. Jul. 8, 2019), *aff'd sub nom. Downey v. United States*, 780 F. App'x 54 (4th Cir. 2019). This is because, in a *qui tam* action, "the United States is the real party in interest, and the need for adequate legal representation of the United States counsel against permitting pro se suits." *Wojcicki*, 947 F.3d at 245 (quoting *U.S. ex rel. Brooks v. Lockheed Martin Corp.*, 237 F. App'x 802, 803 (4th Cir. 2007)); *see also United States ex rel. Doe v. Credit Suisse AG*, 117 F.4th 155, 158 n.1 (4th Cir. 2024) ("The term derives from the Latin phrase, *qui tam pro domino rege quam pro se ipso in hac parte sequitur*, which

8

translates to 'who as well for the king as for himself sues in this matter.'" (quoting *qui tam action*, Black's Law Dictionary (12th ed. 2024)).  Accordingly, Vodi, as a *pro se* plaintiff, may not pursue a False Claims Act suit.  Thus, FCA claim is dismissed.[6]

### b. Sovereign immunity bars the discrimination and retaliation claims under the ADEA and ADA.

Defendants contend that Vodi's claims against the University of Maryland Department of Transportation Services and the individual defendants in their official capacities are barred by sovereign immunity under the Eleventh Amendment to the Constitution.  MTD, at 6, 12.  The Court agrees.

"The Eleventh Amendment embodies the principle of sovereign immunity and prohibits suit by private parties against states in federal courts unless a state has waived its immunity."  *Weller v. Dept of Soc. Servs. for City of Balt.*, 901 F.2d 387, 397 (4th Cir. 1990); *see also Bd. of Tr. of Univ. of Ala. v. Garrett*, 531 U.S. 356, 363 (2001) ("The ultimate guarantee of the Eleventh Amendment is that nonconsenting States may not be sued by private individuals in federal court.").  "The doctrine of sovereign immunity is firmly embedded in Maryland law, long recognized as applicable in actions—contract, tort, or otherwise—against the State of Maryland, its officers, and its units."  *Magnetti v. Univ. of Md.*, 402 Md. 548, 556 (Md. 2007).  "It is well established that the University is considered to be an arm of the State Government for the purposes of the sovereign immunity doctrine."  *Magnetti*, 402 Md. at 557; *see also* Md. Code, Educ. § 12-102(a).

Congress, however, "may abrogate the States' Eleventh Amendment immunity when it both unequivocally intends to do so and acts pursuant to a valid grant of

---

[6] Finding dismissal required by binding precedent due to Vodi's *pro se* status, the Court does not address Defendants' arguments regarding the FCA's application to state agencies or whether Vodi's factual allegations survive Rule 12(b)(6) scrutiny.

constitutional authority. *Garrett*, 531 U.S. at 363. But it has not done so in the ADEA or the ADA. *See Altevogt v. Kirwan*, No. WDQ-11-1061, 2012 WL 135283, *4 (D. Md. Jan. 13, 2012) (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989) and *Kimel v. Fl. Bd. of Regents*, 528 U.S. 62, 79 (2000)). And the State of Maryland has not waived its immunity from suits in federal court, generally, or from claims arising under the ADEA or ADA. *Id.* (citing *Dixon v. Balt. City Police Dep't*, 345 F.Supp. 2d 512, 513 (D. Md. 2003)); *see also McCray v. Md. Dep't of Transp.*, 741 F.3d 480, 483 (4th Cir. 2014). Thus, there being no waiver of sovereign immunity, Vodi's ADEA[7] and ADA claims against the University and the individual defendants in their official capacities must be dismissed.[8] *McCray*, 741 F.3d at 483.

### c. Plaintiff fails to state a claim for Title VII employment discrimination but clears the bar for a retaliation claim.

Plaintiff alleges that he was subject to discrimination, retaliation, and harassment by his supervisors on the basis of his race, national origin, age, disability, and religion in violation of Title VII of the Civil Rights Act. Pl.'s Opp'n, at 1, 17; MTD, at 1. Defendants argue that Vodi's discrimination and retaliation claims under Title VII should be dismissed for failure to state a claim upon which relief can be granted. MTD, at 9. The

---

[7] Because the claim is dismissed for lack of subject matter jurisdiction, the Court declines to reach Defendants' additional argument that the ADEA claim should be dismissed for failure to exhaust administrative remedies. *See* MTD, at 8-9.

[8] While this opinion finds Vodi's ADEA and ADA claims barred in federal court, it takes no position on whether he may have a claim in Maryland state court under Maryland law. *See Laney v. Morgan State Univ.*, No. CCB-04-1719, 2005 WL 1563437, at *3 (D. Md. June 30, 2005); *Kimel*, 528 U.S. at 91 ("Our decision today does not signal the end of the line for employees who find themselves subject to age discrimination at the hands of their state employers. We hold only that in terms to the ADEA, Congress did not validly abrogate the States' sovereign immunity to suits by private individuals.").

Court agrees in part, will grant the Motion as to the Title VII discrimination claim, and will deny the Motion as to the Title VII retaliation claim.

### i. *Plaintiff fails to state a Title VII discrimination claim.*

Defendants argue that Vodi does not plausibly allege facts to suggest that that any allegedly discriminatory employment action was related to his race, religion, or national origin, nor does he identify any similarly situated co-workers whose treatment would "give rise to an inference of unlawful discrimination." MTD, at 9-10. The essence of Plaintiff's response falls beyond the bounds of what the Court can consider. Plaintiff contends that he has included evidence—in the form of 33 attached exhibits—supporting his discrimination claim and, in his opposition brief, names two co-workers who he alleges received more favorable treatment from his supervisors. Pl.'s Opp'n, at 18.

Title VII of the Civil Rights Act of 1964 "prohibits an employer, *inter alia*, from discriminating against 'any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin.'" *Angelini v. Balt. Police Dep't*, 464 F. Supp. 3d 756, 776 (D. Md. 2020) (quoting 42 U.S.C. § 2000e-2). "Absent direct evidence," a *prima facie* Title VII discrimination claim contains four elements: "(1) membership in a protected class; (2) satisfactory job performance; (3) adverse employment action; and (4) different treatment from similarly situated employees outside the protected class." *Coleman v. Md. Ct. of Appeals*, 626 F.3d 187, 190 (4th Cir. 2010), *aff'd sub nom. Coleman v. Ct. of Appeals of Md.*, 566 U.S. 30 (2012). Though a plaintiff need not establish a *prima facie* case at the motion to dismiss stage, a "reference to the elements of a claim is helpful to assess whether the plaintiff has stated a plausible claim." *Allgaier v. Microbiologics, Inc.*, No. ELH-22-01900, 2023 WL 2837336, at *8 (D. Md. Apr. 7, 2023) (citations omitted).

Defendants argue that Vodi fails to allege sufficient facts to support the last two elements of a *prima facie* discrimination case.[9]  MTD, at 9-10.  Defendants aver that Vodi lacks facts connecting any alleged adverse treatment to his race, religion, or national origin, MTD at 9, and fails to sufficiently identify similarly situated comparators outside his protected classes, the favorable treatment of whom would permit an inference of unlawful disparate treatment, *id.*, at 10.

The Court agrees with the Defendants, finding an absence of allegations connecting the alleged disparate treatment to any protected classes.  "A plaintiff is not required to identify a similarly situated [] comparator to prove [his] discrimination claim, so long as [he] can establish an inference of unlawful discrimination through other means." *Swaso*, 698 F. App'x at 748 (citing *Bryant v. Aiken Reg'l Med. Ctrs., Inc.*, 333 F.3d 536, 545-45 (4th Cir. 2003)).  We "may infer discriminatory intent from evidence of a general pattern of racial discrimination in the practices of a defendant."  *Id.* (quoting *Woods v. City of Greensboro*, 855 F.3d 639, 649 (4th Cir. 2017)).  Here, Vodi does not rely on comparator evidence or a general pattern of alleged discriminatory practices by the Defendants.  Rather, the pleadings and EEOC supplement contain only conclusory statements alleging that he was harassed, discriminated against, and retaliated against without any mention of how his race, national origin, or religion related to those actions.  His opposition and attachments—which include allegations regarding his membership in a protected class

---

[9] By asserting that he is a Christian Ghanian-American, Vodi invokes membership in three potential protected classes based on race, national origin, and religion.  Compl. at 5. Defendants do not contest that these classes have been sufficiently alleged and are protected for purposes of Title VII.  Plaintiff does not offer much on whether his work performance was satisfactory but notes that he "worked diligently" despite the alleged grievances.  *Id.* at 7.  While there is no other mention of satisfactory job performance in the pleadings or EEOC charges, Defendants do not challenge the existence of this element.

and certain comparators—cannot cure the deficiencies in his pleadings, even if the opposition and attachments provide more information about potential comparators. *See Smith*, 2024 WL 1179075, at *3. Thus, the Title VII discrimination count is dismissed for failure to state a claim.

> ii. *Based on the standards governing the pro se pleadings at this stage, Plaintiff sufficiently alleges a Title VII retaliation claim.*

Turning to the Title VII retaliation claim, Defendants argue that Vodi fails to state a claim because his complaints "lack any allegation that [Plaintiff] engaged in any Title VII-protected activity[.]" MTD, at 11. Instead, Defendants aver that Plaintiff only complained about his workload to his supervisors, not about any unlawful discriminatory actions, thus his complaints were not a protected activity. *Id.* As with his other Title VII claim, Plaintiff responds that he attached exhibits to his opposition supporting his claim of retaliation. Pl.'s Opp'n, at 20. While Vodi's opposition and its exhibits cannot patch any alleged deficiencies, the EEOC Supplement can.

Title VII's anti-retaliation provision makes it unlawful "for an employer to discriminate against any of his employees . . . because he has opposed any practice made an unlawful employment practice by [Title VII], or because he has made a charge, testified, assisted or participated in any manner in an investigation, proceeding, or hearing under [Title VII]." 42 U.S.C. § 2000e-3. The Fourth Circuit recognizes that a Title VII plaintiff "may prove a Title VII retaliation claim either through direct evidence of retaliatory animus or via the application of the *McDonnell Douglas* burden-shifting framework." *Roberts v. Glenn Indus. Grp., Inc.*, 998 F.3d 111, 122 (4th Cir. 2021). To establish a *prima facie* case of retaliation under the familiar *McDonnell Douglas* framework, a plaintiff must prove that he: (1) was engaged in a protected activity, (2) that

13

an adverse employment action was taken against him, and (3) that there was a causal link between his protected activity and the employer's adverse action. *Id.*

Defendants contest that Vodi lacks facts supporting any of the three retaliation elements. MTD, at 10-11. They argue that Vodi's complaints to his supervisors were about his workload, not about unlawful discriminatory actions, and thus they were not protected activity. MTD, at 11 (citing Compl. at 6). While Defendants are correct that the complaint refers to only his workload, they overlook Plaintiff's allegations in his EEOC charge, which is appropriate to consider at this stage. *E.g.*, *Wongus*, 2026 WL 795597, at *3. In his EEOC Supplement, Plaintiff alleges that he faced harassment, verbal abuse, and was forced to perform tasks beyond his job description. EEOC Supp., at 1-2. Plaintiff then contends that after he attempted to address this treatment verbally and through e-mail with Colleen Thompson, Assistant Director of Human Resources, he was suspended and later terminated. *Id.* at 2.

In evaluating the sufficiency of the claims, the Court accepts the factual allegations in the complaint and integral documents, such as the EEOC Supplement, as true and construes them in the light most favorable to the plaintiff. At this early stage of litigation, the Court finds that Plaintiff has adequately alleged a protected activity (reporting alleged harassment to human resources) and an adverse employment action (suspension and termination after making such reports). Though Plaintiff has neither detailed his interactions with Ms. Thompson nor definitively connected the complaints to his termination, at this stage, a plaintiff does not bear a heavy burden to sufficiently allege causation. *See Strothers v. City of Laurel*, 895 F.3d 317, 335 (4th Cir. 2018) ("As this Court has held, establishing a 'causal relationship' at the *prima facie* stage is not an onerous burden. Purported victims of retaliation do not have to show at the *prima facie*

stage that their protected activities were but-for causes of the adverse action." (citations omitted)). "[T]emporal proximity is sufficient to establish a causal connection at the *prima facie* stage." *Id.* at 336-37. While Vodi's EEOC charge does not indicate the date of the alleged complaints to human resources, it reflects his employment for a nine-month period and alleges suspension and termination within six months of several alleged discriminatory or retaliatory acts. EEOC Supp. at 1-2. Upon affording the complaint the liberal reading required for *pro se* pleadings and inferring that complaints to human resources occurred after at least some of the suspected harassment, the Court finds the totality of allegations sufficient to allege causation at the motion to dismiss stage. *Cf. Carter v. Ball*, 33 F.3d 450, 460 (4th Cir. 1994) (five-month gap between protected activity and adverse action was sufficient to establish *prima facie* case). Of course, discovery demands and burdens at later stages of this case will require more than is currently before the Court. But because of the principles governing the motion to dismiss analysis of a *pro se* pleading, Defendants' Motion is denied insofar as it involves retaliation after Plaintiff's complaints to Ms. Thompson.

### d. Any remaining claims against the individual defendants are dismissed as either unavailable or duplicative.

As noted above, Vodi brings claims under the ADA, ADEA, and Title VII against Brandon Harrison-DiFranco, Frank Taitano, and Jay Rosello. Compl., at 1; Amended Compl., at 4. The Court already concluded that these same claims as alleged against the University of Maryland are barred by sovereign immunity. As the claims pertain to the individuals, Defendants argue that the claims are not permitted against these employees and, in any event, any claims against them in their official capacities are duplicative of the claims against the University. The Court agrees.

15

The ADA, ADEA, and Title VII statutes "do not provide for causes of action against defendants in their individual capacities." *Jones v. Sternheimer*, 387 F. App'x 366, 368 (4th Cir. 2010); *see also Baird ex rel. Baird v. Rose*, 192 F.3d 462, 472 (4th Cir. 1999) (collecting cases holding "that Title VII does not provide a remedy against individual defendants who do not qualify as 'employers'"); *Birkbeck v. Marvel Lighting Corp.*, 30 F.3d 507, 511 (4th Cir.1994) (holding that the "ADEA limits civil liability to the employer" not allowing liability to extend to an individual employee.). Consistent with this longstanding principle, numerous decisions of this Court dismiss ADA, ADEA, and Title VII claims brought against employees in their individual capacity. *E.g.*, *Bell v. Medline*, No. GLR-24-3368, 2025 WL 934275, at *2 (D. Md. Mar. 27, 2025); *Scott v. Walmart Inc.*, No. LKG-23-2228, 2025 WL 359059, at *9 (D. Md. Jan. 30, 2025); *Davis v. Md. Parole Comm'n*, No. ELH-21-3164, 2022 WL 17833422, at *10 (D. Md. Dec. 21, 2022). That approach continues here, and Vodi's ADA, ADEA, and Title VII claims against individual employees in their individual capacity are dismissed.

As an alternative ground, Defendants contend that any claims against the individuals in their official capacities are duplicative of the (barred) claims against the University and thus should be dismissed. Plaintiff does not address this argument. "A suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office, and as such, *it is no different from a suit against the State itself.*" *Innes v. Bd. of Regents of Univ. Sys. of Md.*, 29 F. Supp. 3d 566, 575 (D. Md. 2014) (quoting *Will*, 491 U.S. at 71) (internal quotation marks and brackets omitted) (emphasis in original); *see also Kentucky v. Graham*, 473 U.S. 159, 166 (1985) ("As long as the government entity receives notice and an opportunity to respond, an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity.");

16

*Monell v. New York City Dept. of Soc. Servs.*, 436 U.S. 658, 690 n. 55 (1978) (noting that official capacity lawsuits "generally represent only another way of pleading an action against an entity of which an officer is an agent"). A lawsuit against the individuals in their official capacities is in essence a lawsuit against the University of Maryland; for the purposes of this lawsuit, the individuals and the University are one and the same. Therefore, permitting Vodi to proceed against the individual defendants is "pointless [because] a suit brought in that manner would still be, in effect, a suit against [the University], which is already a defendant under these counts." *Bradley v. Balt. Police Dep't*, No. JKB-11-1799, 2012 WL 4321738, at *2 (D. Md. Sept. 19, 2012) (citations omitted). Accordingly, for both of these reasons, the claims against Harrison-DiFranco, Taitiano, and Rosello are dismissed.

17

## IV.   CONCLUSION

For these reasons, Defendants' Motion is granted in part and denied in part. Claims arising under the FCA, ADEA, and ADA are dismissed without prejudice based on the Court's lack of subject matter jurisdiction.  The FCA claim cannot proceed as long as Plaintiff is self-represented.  The ADA and ADEA claims cannot proceed without a waiver of sovereign immunity.  The Title VII discrimination claim is dismissed without prejudice to re-plead with additional facts that would demonstrate the required elements for such a claim.  Claims under the ADEA, ADA and Title VII against the individual defendants are dismissed without prejudice because they are not available against the individual employees here and are otherwise duplicative of the barred claims against the University. The Motion is denied as to the Title VII retaliation claim.  A separate implementing Order will follow.

Date: March 31, 2026

_____/s/_____
Charles D. Austin
United States Magistrate Judge